IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2082-FL

| | | |
|---|---|---|
| RICAURTER STULTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRICK TRIPP, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the court on respondent's[1] fully briefed motion to dismiss, or in the alternative, for summary judgment[2] (DE 8). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On April 5, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's habeas petition challenges his disciplinary conviction for attempted possession of stolen property on the grounds that it violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

---

[1] Respondent Brick Tripp is the Warden at Rivers Correctional Institution, and is petitioner's custodian. The issue in this case concerns the application of good conduct time, which is a Federal Bureau of Prisons issue. Thus, the United States responded to petitioner's petition on Brick Tripp's behalf. See (Resp't's Mem. n.1.)

[2] Because respondent attached documents that are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

On December 19, 2013, respondent filed a motion for summary judgment arguing that petitioner's disciplinary conviction does not violate the due process clause, and that petitioner is not entitled to relief. Petitioner responded.

### STATEMENT OF FACTS

Petitioner, a federal inmate, was housed at Rivers Correctional Institution ("Rivers")[3] at the time he received his disciplinary conviction at issue in this action. (Johnson Aff.[4] ¶¶ 5-6). On November 14, 2011, prison officials charged petitioner with the disciplinary offense of stealing (Code 219). (Id. ¶ 9, and attach. 3, p. 1.) Petitioner was provided a copy of the incident report that same day. (Id. and attach. 3, p. 5.) On November 17, 2011, the Unit Discipline Committee reviewed petitioner's incident report and referred the charge to Rivers' discipline hearing officer ("DHO") for a hearing. (Id. and attach. 3, pp. 5-6.)

Petitioner's disciplinary hearing was held on December 2, 2011. (Id. and attach. 3, p. 1.) After reviewing the evidence, the DHO determined petitioner committed the offense of attempted possession of stolen property. (Id. and attach. 3, p. 2.) The DHO based his finding on the incident report, a photograph of the alleged stolen tortillas that were hidden in an ice machine, a memorandum from a food service staff member regarding the cost of the tortillas, and petitioner's

---

[3] Rivers is a privately run correctional facility in North Carolina operated by GEO Group. (Johnson Aff. ¶ 6.) BOP has a procurement contract with GEO Group under which it pays GEO to house federal inmates at Rivers. See Mathis v. GEO Group, Inc., No. 2:08-CT-21-D (E.D.N.C. Sept. 29, 2010).

[4] Gerald Johnson ("Johnson") submitted an affidavit in support of respondent's motion for summary judgment. Johnson is employed as a discipline hearing officer oversight specialist in the Bureau of Prisons' privatization management branch. (Johnson Aff. ¶ 1.)

2

own statements. (Id. and attach. 3, pp. 2-3.) The DHO hearing record included the following summary:

> [T]he DHO considered an IR written by Sgt. Perry [("Perry")]which states on 11-14-2011, at approximately 0750 hours, Perry saw you reaching up and lifting the ice machine lid on the B side of the dining hall. When you saw Perry you dropped the lid. Perry called you outside on the main line (outside the building) and asked if you had dropped anything into the machine. You stated: "No" and offered to let Perry pat you down. Perry told you to return to the dining hall but to stay away from the ice machine. Perry stated he would check the machine later. Ice machines are not used during chow so there was no need for any inmate to be touching the machine. Within five minutes Perry again saw you lifting up the lid of the ice machine attempting to get out whatever was in the machine. Perry ordered you to step aside. Perry then jumped up on the counter, removed the ice machine lid and found a large trash bag full of tortilla shells. You were attempting to get the shells out before you were caught. There were 12 packs of shells.
>
> The DHO also considered a copy of a photo of the 12 packs of tortillas that were hidden inside the ice machine and retrieved by Sgt. Perry.
>
> The DHO also considered a copy of Memorandum, dated 11-14-2011, written by C. Wolfe, Food Services, which states the 12 packs of flour tortillas had a total cost of $32.26.
>
> The DHO also considered your statements at the Hearing that you were just trying to put the lid on the ice machine. You said you worked in the inmate dining area and were assigned to keep things clean and orderly so when you saw the lid ajar, you went to fix it. You said it was not true that Sgt. Perry had told you to stay away from the ice machine. You said Sgt. Perry had only called you over to ask why you were near the ice machine and you explained you were fixing the lid. Perry said no more about it so you went back to fix the lid. Then Sgt. Perry called you back from the machine. Sgt. Perry then went into the ice machine and pulled out the packs of tortillas. You said you were surprised as you had no idea the tortillas were in there. Sgt. Perry then took you to one side and asked you to tell him who (which inmate) had put the tortillas into the machine. When you told Perry you had no idea, Perry said it was your last chance to say who put the items in the machine or you would be

3

> written up for it. You could only repeat you did not know anything about the tortillas and were just fixing the lid. You said Sgt. Smallwood [("Smallwood")]was right there and witnessed the whole thing and could testify you did not put anything into the ice machine. You said it was also physically impossible for you to put anything into the ice machine , or get anything out of the ice machine, without standing on something as Sgt. Perry had done. You said you would have been seen standing on something to put the tortillas into the ice machine or getting the tortillas out of the ice machine and no one had seen you doing that so the whole thing was ridiculous.
>
> The facts are the Sergeant saw you lifting the lid on the ice machine. The Sergeant stated in the IR that the ice machine was not used during meal time so there was no real need for any inmate to be touching it. The Sergeant directed you to stay away from the machine. Within five minutes the Sergeant saw you again back at the machine lifting the lid. The Sergeant then searched the ice machine and found 12 packs of tortillas hidden inside the machine. The tortillas could only have come from Food Services. It is obvious they were taken from Food Services without authorization and were hidden in the ice machine. This made the tortillas stolen property. While it cannot be clearly established you were the person putting the tortillas into the ice machine, you[r] actions make it clear you were attempting to get the tortillas from the ice machine. Your only defense is to deny what the Sergeant clearly states in the IR and to claim you could not have obtained the stolen property from the ice machine without being noticed. From the IR it is obvious the Sergeant did notice you attempting to obtain stolen items. You also offer no evidence to support your claim that the Sergeant's statements are not accurate. There is sufficient evidence from your actions as described in the IR, the Sergeant's observations, and the evidence of the tortillas being found inside the ice machine, to establish you were attempting to obtain the tortillas which were stolen property. The evidence is that you committed the prohibited act and this precludes any reasoning you might present for this act.

(Id. Attach. 3, pp. 2-3.) As a result of the DHO's findings, petitioner was sanctioned with the following: (1) twenty-seven (27) days loss of good-time credit; (2) sixty (60) days disciplinary segregation, thirty (30) days suspended pending one hundred eighty (180) days of clear conduct; (3) loss of food services job; and (4) reimbursement of the cost of the tortillas. (Id. and attach. 3,

4

pp. 3-4.) On December 15, 2011, petitioner was notified of his appellate rights and received written notice of the DHO report. (Id. and attach. 3, p. 4.)

The DHO report and record then was forwarded to the BOP's Privatization Management Branch for review and certification.[5] (Id. ¶ 10.) Staff in the Privatization Management Branch reviewed the DHO packet for the instant disciplinary conviction, and determined it was certified in accordance with BOP procedures. (Id. ¶ 11.)

## DISCUSSION

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.      Analysis

---

[5] The BOP's Privatization Management Branch reviews and certifies actions of a DHO, in a contract facility, sanctioning a BOP inmate with the loss or disallowance of good conduct time. (Johnson Aff. ¶ 2.) This process ensures compliance with Bureau of Prisons policy. (Id.)

5

Petitioner alleges that the instant disciplinary proceedings violated his rights pursuant to the Due Process Clause of the Fifth Amendment of the United States Constitution. The Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71. The court considers petitioner's due process claims in turn.

1. Right to Call Witnesses

Petitioner asserts that his due process rights were violated because he was not permitted to call Sergeant Smallwood as a witness at his disciplinary hearing.[6] An inmate's due process rights when prison actions deprive them of their liberty interests are "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." See Wolff, 418 U.S. at 556. For instance, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." Wolff, 418 U.S. at 566; see also Brown v. Braxton, 373 F.3d 501, 505 (4th

---

[6] The record reflects that petitioner waived his right to call witnesses at his disciplinary hearing. (Johnson Aff. and attach. 3, p. 2.)

Cir.2004) (the right to call witnesses and present evidence at prison disciplinary hearing is not unqualified).

The record in this case reflects that petitioner requested to have Smallwood as a witness at his disciplinary hearing, but that the DHO determined Smallwood was not eligible to be a witness because Smallwood acted as the investigator of petitioner's disciplinary offense. (Johnson Aff. attach. 3, p. 3.) The DHO did, however, contact Smallwood prior to the hearing to determine whether Smallwood observed the incident, and Smallwood responded that he had not. (Id.) Smallwood further informed the DHO that Smallwood was in the area both prior to and after the incident, and further explained that he would not have investigated the incident if he had been an eye witness. (Id.)

Based upon the foregoing, the DHO did not violate petitioner's due process rights by denying petitioner's request to have Smallwood as a witness because Smallwood was not present during the incident giving rise to the disciplinary hearing and because the DHO adequately summarized Smallwood's knowledge of the incident in the DHO report. See Ponte v. Real, 471 U.S. 491, 496–97 (1985) (stating that the state may explain in the administrative record or in court why the right to call witnesses was denied). Further, petitioner has not demonstrated that he was prejudiced by the lack of live testimony from Smallwood. Thus, respondent's motion for summary judgment as to this claim is GRANTED.

    2.    Sufficiency of the Evidence

Petitioner contends that his disciplinary convictions were not supported by sufficient evidence because the DHO relied upon an alleged false incident report provided by the reporting officer, Perry, and because petitioner could not have gotten the tortillas out of the ice machine

without climbing on the counter. Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 454. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

Although petitioner disputes the veracity of Perry's statement and whether petitioner could have retrieved the tortillas from the ice machine without climbing on the counter, the record contains sufficient evidence to comply with the Due Process Clause. For instance, the record reflects that Perry observed petitioner's repeated attempts to retrieve something from the ice machine. (Johnson Aff. and attach. 3, p. 2.) The record further reflects that petitioner refused Perry's direct order to stay away from the ice machine. (Id.) Finally, the record reflects that twelve packs of stolen tortilla shells were recovered from the ice machine at issue. (Id.) Based upon the evidence presented at petitioner's disciplinary hearing, the disciplinary hearing officer found that petitioner was guilty of attempted possession of stolen property. The court finds that this evidence satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Walpole, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation. Based upon the foregoing, respondents' motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 8) is GRANTED. The Certificate of Appealability is DENIED. See 28 U.S.C. § 2253. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 13th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge